

FILED
CLERK, U.S. DISTRICT COURT

October 14, 2020

CENTRAL DISTRICT OF CALIFORNIA
BY: _____VPC_____ DEPUTY

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE CHO,<br><br>                          Plaintiff,<br><br>v.<br><br>SAVANNARITH LENG D/B/A<br>FOSTER FREEZE; CARSON<br>EMERALD 101, LLC; and DOES 1 to<br>10,<br><br>                          Defendants. | Case No. 2:20-cv-02352 SB (AFMx)<br><br>**ORDER ON MOTION FOR<br>DEFAULT JUDGMENT** |

Before the Court is Plaintiff Grace Cho's ("Cho") Motion for Default Judgment.  Dkt. No. 21-1 ("Motion").  Defendant Savannarith Leng did not oppose. For the following reasons, the Court grants Plaintiff's Motion and awards the relief set forth in this Order.

I.    **FACTUAL BACKGROUND**

Cho has a physical disability which substantially limits her ability to walk.  Dkt. No. 21-3, Declaration of Grace Cho ("Cho Decl.") ¶ 2.  She uses a wheelchair at all times while traveling in public.  *Id.*  On two separate occasions—first on October 19,

1

2019, then again on December 29, 2019—Cho sought to patronize Foster's Freeze (the "business"). *Id.* at ⁋ 3. But upon her arrival, Cho discovered "barriers and conditions in the parking space" that denied her "full and equal access" to the business. *Id.* at ⁋ 4. Cho has not attempted to visit the business since. *Id.* at ⁋ 5.

Cho filed her Complaint on March 11, 2020. Dkt. No. 1. More than three months later, she served both the Complaint and Summons upon Defendant Savannarith Leng. Dkt. No. 14. Defendant was required to file a responsive pleading no later than July 21, 2020. Fed. R. Civ. P. 12(a). But Defendant failed to do so.

The Clerk entered default against Defendant on August 10, 2020. Judge Dolly M. Gee, the previously assigned judge in this case, ordered Cho to move for default judgment within 30 days. Dkt. No. 20. Now Cho is before this Court, seeking a default judgment in the form of injunctive relief and $3,640.00 in attorney's fees and costs.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b)(2), a "party [may] apply to the court for a default judgment." Granting a motion for default judgment is discretionary. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). In exercising that discretion, courts consider the following factors: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Id.* at 1471-72. Factual allegations—other than those relating to the damages amount—are considered admitted upon default. Fed. R. Civ. P. 8(b)(6); *see Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (stating the general rule that "upon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true"). However, a court must still consider (1) whether the complaint contains the required factual support and

(2) asserts legally sufficient claims.  "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

A plaintiff must satisfy the procedural requirements for default judgments set forth in the Federal Rules of Civil Procedure (*see* Rule 54(c) (limiting default judgments to the relief demanded in the pleadings) and Rule 55 (governing default judgments generally)), as well as the pleading and notice requirements of the Local Rules.  Local Rule 55-1 requires the moving party to support his or her application for default judgment with a declaration and include the following information:  "(a) [w]hen and against what party the default was entered; (b) [t]he identification of the pleading to which default was entered; (c) [w]hether the defaulting party is an infant or incompetent person . . .; (d) [t]hat the Servicemembers Civil Relief Act (50 U.S.C.A. § 3931) does not apply; and (e) [t]hat notice has been served on the defaulting party, if required by F.R.Civ.P. 55(b)(2)."  *See also* Loc. R. 55-2 (addressing unliquidated damages); Loc. R. 55-3 (addressing attorneys' fees schedule).

## III.    DISCUSSION

### A.    General Procedural Requirements

As a threshold matter, Cho satisfies the general procedural requirements for a default judgment.  Default has already been entered against Defendant.  Dkt. No. 19. Cho's moving papers contain the information required by both the Local Rules and the Federal Rules of Civil Procedure; Defendant is not an incompetent person or a minor, and is not exempted under the Servicemembers Civil Relief Act.  Dkt. No. 21-2, Declaration of Jason Yoon ("Yoon Decl.") ⁋ 3.  And as ordered by Judge Gee, Cho timely moved for default judgment.

### B.    The *Eitel* Factors

The Court may order a default judgment against Defendant based on the *Eitel* factors as applied to this case.

3

1          1.     Possibility of Prejudice to Plaintiff

2          The first factor favors default judgment because Cho has expended effort and

3    incurred costs and fees in prosecuting this action.  After Defendant failed to respond

4    to the Complaint, the Clerk entered default against Defendant on August 10, 2020.

5    Defendant has continued to be nonresponsive since that time.  To deny Cho relief at

6    this point would be to prejudice her.  The Court finds the first *Eitel* factor favors

7    default judgment.

8          2.     Merits of Plaintiff's Substantive Claim and Sufficiency of the
9                 Complaint

10         Taken together, the second and third *Eitel* factors, related to the merits of a

11   plaintiff's claims and the sufficiency of the complaint, address whether the party

12   seeking default judgment has stated a claim upon which it may recover.  *See, e.g.*,

13   *PepsiCo Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).  The

14   Complaint details a number of deficiencies with a parking spot reserved for people

15   with disabilities at Defendant's business.  Dkt. No. 1 ¶ 13.[1]  The Complaint alleges

16   Defendant failed to comply with federal and state standards by:  (1) failing to provide

17   the parking space identification sign with the International Symbol of Accessibility;

18   (2) failing to post required signage such as "Van Access," "Minimum Fine $250," or

19   "Unauthorized Parking"; (3) failing to provide a proper van-accessible space

20   designated for persons with disabilities; and (4) failing to paint the ground as required.

21   Dkt. No. 1 ¶ 13.  These factual allegations are taken as true.  *PepsiCo*, 238 F. Supp. 2d

22   at 1175.

23         To prevail on a claim for violation of Title III of the Americans with

24   _____

25   [1] The Court notes that Cho's declaration does not include any of this information; she
26   simply states that she "discovered barriers and conditions in the parking space that
     denied [her] full and equal access."  Cho Decl. ¶ 4.  While this is not sufficient reason
27   to deny her Motion, the Court notes that the strong policy favoring decisions on the
     merits supports that, where possible, applications for default judgments should include
28   strong factual support.

Disabilities Act ("ADA"), a plaintiff must prove that: "(1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 670 (9th Cir. 2010).  Cho properly alleges these elements.  She has established that she is disabled, and that Defendant's business is a public accommodation, governed by Title III of the ADA.  *See* 42 U.S.C. §§ 12102, 12181, 12182.  By failing to maintain a parking space in compliance with ADA Standards and California codes, Defendant "fail[ed] to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities."  42 U.S.C. § 12182(b)(2)(A)(iv); *see Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1009-10 (C.D. Cal. 2014) (concluding that the defendant's "lack of parking spaces designated as van accessible," among other issues, constituted discrimination under Title III).  Accordingly, this Court finds Defendant has established a violation of the ADA.  Cho's claims are therefore meritorious and the allegations in the Complaint are sufficient.  These two factors weigh in favor of default judgment.

### 3.    Sum of Money at Stake

Assessing the sum of money at stake weighs in favor of default judgment.  As Cho is proceeding under the ADA, there can be no monetary damages.  *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002).  Therefore, the only money at stake in this action is attorney's fees and costs.  The total requested sum is $3,640, an amount that does not weigh against default judgment.  *See, e.g.*, *Arroyo v. Cervantes*, 2020 WL 2478793, at *3 (C.D. Cal. Apr. 2, 2020) (awarding default judgment with $16,074.50 in attorney's fees and $2,525.70 in costs and expenses).

### 4.    Possible Dispute About Material Facts

This factor also weighs in favor of default judgment.  "Upon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true."  *PepsiCo*, 238 F. Supp. 2d at 1175.  Defendant has failed to appear to

dispute any of Cho's claims.  Therefore, no disputes of material fact preclude granting Cho's Motion.

### 5.   Excusable Neglect

Defendant has failed to appear or answer.  As such, the sixth *Eitel* factor also weighs in favor of default judgment.  Cho represents that she properly served Defendant with the Summons and Complaint and provided notice of this motion.  Dkt. No. 14; Yoon Decl. ⁋ 5.  Given the multiple notices delivered to Defendant, the possibility of excusable neglect is remote.

### 6.   Policy Considerations

Finally, the strong policy favoring decisions on the merits weighs against entry of a default judgment.  *See Eitel*, 782 F.2d at 1472 ("[D]efault judgments are ordinarily disfavored.  Cases should be decided upon their merits whenever reasonably possible.").  But Defendant has failed to appear, and as such, a decision on the merits may be impracticable—or impossible.  This factor is insufficient to counterbalance the weight of the others.  *See PepsiCo*, 238 F. Supp. 2d at 1177.

\*     \*     \*

Accordingly, the *Eitel* factors favor the entry of a default judgment against Defendant.

### C.   **Relief Sought**

#### 1.   Injunctive Relief

Cho seeks an injunction that would require Defendant's business to provide an ADA-compliant parking space for people with disabilities.  Federal regulations provide that when a public accommodation fails to remove an architectural barrier in violation of the ADA, "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the [ADA]."  *See* 28 C.F.R. §§ 36.304, 36.501.  A plaintiff seeking permanent injunctive relief must demonstrate:

(1) that it has suffered an irreparable injury; (2) that remedies available at

law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

Cho properly satisfies the requirements for injunctive relief. She demonstrated that she suffered an irreparable injury. Cho Decl. ¶¶ 5-6 (stating she would like to return to the business, but has been deterred from doing so due to the barriers she previously encountered). Monetary damages are unavailable, and thus inadequate, to remedy her injury. *See Wander* 304 F.3d at 858 ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III."). As Defendant operates the business and controls its accessibility, the balance of the hardships weighs in favor of granting the injunction. The public interest would clearly be served if the business were accessible to all persons—including those who have disabilities. Accordingly, Cho is entitled to the injunctive relief she seeks.

### 2. Costs

Cho seeks an award of costs—specifically of the $440 spent on filing fees. Yoon Decl. ¶ 6. Local Rule 54-1 entitles the prevailing party to costs pursuant to Federal Rule of Civil Procedure 54(d). Cho is indisputably the "prevailing party," because she has secured an "enforceable judgment[] on the merits." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). As the prevailing party in this case, Cho is entitled to her costs.

### 3. Attorney's Fees

Cho seeks an award of $3,200 in attorney's fees. Under Title III of the ADA, a prevailing plaintiff is entitled to an award of reasonable attorney's fees. *See* 42 U.S.C. § 12205. The Ninth Circuit recently described the procedure that courts in the Central District of California must follow when determining an attorney's fee award for statutory damages when a party defaults:

If a party seeks a fee "in excess of" the schedule and timely files a written

7

1    request to have the fee fixed by the court, then the court must hear the
2    request and award a "reasonable" fee.  That process does not describe a
3    "modification" of the schedule of fees.  Rather, it prescribes an alternative
     process when a party invokes it in the proper way at the proper time.
4    When a party invokes that process, the court is obliged to calculate a
     "reasonable" fee in the usual manner, without using the fee schedule as a
5    starting point.

6    *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1159 (9th Cir. 2018).  In *Vogel*, the

7    court held that "the district court misinterpreted Local Rule 55-3 and abused its

8    discretion . . . [b]y treating the fee schedule as presumptively reasonable, rather than

9    using the lodestar approach to calculate a presumptively reasonable fee" and awarding

10   $600 in attorneys' fees, which was a fraction of the requested amount for the

11   achievement of "excellent results."  *Id.* at 1161.  The Ninth Circuit emphasized that

12   "[i]n a case in which a defendant fails to appear or otherwise defend itself, . . . the

13   burden of scrutinizing an attorney's fee request—like other burdens—necessarily

14   shifts to the court."  *Id.* at 1160.  However, *Vogel* cautions that courts must "strike a

15   balance between granting sufficient fees to attract qualified counsel to civil rights

16   cases and avoiding a windfall to counsel . . . [and] [t]he way to do so is to compensate

17   counsel at the prevailing rate in the community for similar work; no more, no less."

18   *Id.* at 1158 (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir.

19   2008).).

20         To avoid a windfall in this case, the Court applies the lodestar approach "by

21   determining how many hours were reasonably expended on the litigation, and then

22   multiply[ing] those hours by the prevailing local rate for an attorney of the skill

23   required to perform the litigation."  *Moreno*, 534 F.3d at 1111.  While the court is

24   required to explain its rationale, if the difference between the requested fees and the

25   court's award is relatively small, "a somewhat cursory explanation will suffice."  *Id.*

26         In reviewing the Yoon Declaration, the Court is not persuaded that the

27   requested fees are reasonable.  This is not a novel or complicated case.  Cho's claim

28   centers on a single parking space designated for persons with disabilities that fails to

conform to certain federal and state standards.  Dkt. No. 1 ¶ 13.  Counsel provided this Court with only a conclusory statement of the time he dedicated to this matter, the work performed, and his hourly rate.  Absent a more detailed accounting, *compare Vogel*, 893 F.3d at 1156 (where counsel provided a seven-page itemized list of the work performed), the Court must carefully review these statements.  *See id.* at 1160 (noting that "[i]n a case in which a defendant fails to appear or otherwise defend itself [] the burden of scrutinizing an attorney's fee request . . . necessarily shifts to the court"; the court must ensure the winning attorneys exercised "billing judgment.").

*Time Spent.*  Conducting a lodestar analysis requires that the Court determine the number of hours counsel *reasonably* expended on the litigation.  *Id.* at 1160.  Where the attorney is experienced and the case is uncomplicated, courts scrutinize counsel's claimed hours.  *See Rutherford v. Hellas, Inc.*, 2018 WL 6131184, at *6 (C.D. Cal. Mar. 19, 2018) (applying the lodestar approach in a disability access case).  In *Rutherford*, the plaintiff's attorney stated that he spent 10.2 hours working on the case.  While he listed the work performed, he did not detail the time dedicated to each individual task.  The court, finding 10.2 hours to be a "slight overestimation" of the work performed, reduced the hours worked by 10%.  *Id.*

Here, Cho's counsel states that he spent eight hours working on this case.  Yoon Decl. ¶ 6.  Counsel indicates that in that time he "(1) discussed the case with the client and developed the intake notes; (2) conducted a preliminary site inspection of the real property to comply with [his] Rule 11 obligations; (3) conducted research of public records to determine the identities of the business owner and owner of the real property."  Yoon Decl. ¶ 6.  Given the simplicity of this case, such work cannot have taken long.  And all counsel's other work on this case involved drafting various documents and supporting declarations that are similar to work performed in other cases.  *Id.*  Less than a week before filing the instant motion, counsel filed an very similar motion for default judgment in an unrelated case, reflecting a high degree of recycled work product.  *Susan Lee v. Kimmies Coffee Cup, Inc. et al.*, Case No. 8:20-

cv-00853-JLS-KES, Dkt. No. 19-1.  Taking these factors into account, the Court does not find eight hours to be a reasonable amount of time.  Instead, the Court will credit counsel for six hours of work:  two hours spent on Tasks 1-3, *supra*, and four hours spent on drafting.

*Hourly Fees*.  The next step in the lodestar analysis is to determine a reasonable hourly rate for the work performed.  *Vogel*, 893 F.3d at 1160.  The reasonable hourly rate is the rate prevailing in the community for similar work.  *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013).

Cho's counsel claims an hourly rate of $400.  He notes that he has been in practice for "close to five years" and has significant experience with disability access cases.  Yoon Decl. ¶ 2.  But he does not provide any support to show that $400 an hour is the prevailing rate in the community for similar work, nor does he state that this rate is reasonable.  The Court must therefore make its own inquiry.  Other courts have found hourly rates between $400 and $595 to be reasonable in similar cases, where the attorneys had been in practice for between 5 and 20 (or more) years.  *See Arroyo*, 2020 WL 2478793, at *3.  Here, counsel has slightly less experience than the most junior attorneys in *Arroyo*, and—unlike in *Arroyo*—he did not have to contend with any party contesting the matter.  Moreover, many of the tasks performed could have been done at a lower rate by a junior lawyer or paralegal with appropriate supervision, and counsel has not explained why this was not done here.  The Court therefore finds a reduced hourly rate of $375 is reasonable.

Reasonable attorney's fees in this case are calculated to be $2,250.

## IV.    CONCLUSION

For the foregoing reasons, Cho's Motion is GRANTED.  Judgment shall be entered as follows:

1. Defendant is ORDERED to provide a parking space compliant with federal and state law.

2. Cho is AWARDED $440 in costs pursuant to Local Rule 54-1.

3.  Cho is AWARDED reasonable attorney's fees in the amount of $2,250.

4.  Cho is ORDERED to mail a copy of this order and the judgment
    concurrently filed therewith to Defendant.  Cho shall file Proof of Service
    with the Court within ten days of the date of this order.

Dated:  October 14, 2020

_____
                              Stanley Blumenfeld, Jr.
                              United States District Judge